ToRo, Plaintiff and Appellee, v. Municipal Assembly of Guánica, Defendant and Appellant.

Appeal from the District Court of Ponce in Certiorari Proceedings.—Motion for Dismissal of Appeal.

No. 2944.—Decided January 23, 1923.

Appeal—Transcript.—When the appellant fails to file the transcript in the Supreme Court in time a motion by the appellee for the dismissal of the appeal on that ground should be sustained.

The facts are stated in the opinion.

*Messrs. L. Llorens Torres* and *R. Arjona Siaca* for the appellant.

*Mr. R. Martínez Nadal* and *Mrs. H. Tormes* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

On December 11, 1922, the judge of the lower court approved the notes of the stenographer for inclusion in the transcript of the record in the appeal taken from the judgment and the 30 days allowed the appellant for filing the transcript on appeal in the Supreme Court expired on the 10th of January. The appellant failed to file the transcript within that time and on the following day the appellee filed in this court a motion for dismissal of the appeal on the

ground that the appellant had not filed the transcript on appeal within the time allowed by law. Notice of this motion was given to the attorney for the appellant on the same day.

In the case of *Portela* v. *Viera, ante,* page 394, this court dismissed an appeal wherein the transcript had not been filed in the Supreme Court when notice of the motion for dismissal was given to the appellant's attorney.

It is true that in this case the appellant's attorney states under oath that many days prior to the expiration of the time allowed for filing the transcript in the Supreme Court he handed the said transcript to the appellee's attorney for examination, with the understanding that they should certify to it jointly, and that the said attorney put him off until the afternoon of January 10th when he said to him that he could not certify to it, and then the appellant had no time to ask the clerk of the court to certify to it; but apart from the fact that the appellee's attorney denies under oath that the transcript or a copy of it had been delivered to him for certification and states that early on the 10th of January he replied to the request of the appellant's attorney that he could not sign the certificate to the transcript, the appellant should have seen to it that the transcript was filed in the Supreme Court before the expiration of the time allowed therefor and before notice of the motion for dismissal was given to him.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.